**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ESTATE OF ELMER THORNHILL,
        Plaintiff,


        v.                                            CIVIL ACTION NO. 16-12361-DPW


TEXAS INSTRUMENTS, INC.,
        Defendant.


REPORT OF FINDINGS AND RECOMMENDATION

In September 2018, Attorney Fiore Porreca filed a Motion to Withdraw (##43, 44) as

counsel for plaintiff Estate of Elmer Thornhill.  In an Order (#47) entered October 10, 2018,

Judge Woodlock conditioned allowance of Attorney Porreca's withdrawal upon the submission

of an affidavit from plaintiff, on or before November 26, 2018, attesting under oath to the

following:

        (1)     That plaintiff had discussed the circumstances of Attorney Porreca's efforts to

withdraw and the consequent importance for plaintiff to find new representation in order to

pursue the litigation;

        (2)     That plaintiff did not object to Attorney Porreca's withdrawal; and

        (3)     That plaintiff understood that by no later than forty-five days after Attorney

Porreca's request to withdraw was allowed, plaintiff must secure the appearance of new counsel,

and if not, plaintiff's case would be dismissed for want of prosecution unless plaintiff could

establish a proper capacity to proceed pro se.

        Plaintiff's representative complied and submitted the required Affidavit (#49) on

November 21, 2018.  Counsel filed his own Affidavit (#51) on November 26, 2018.

Accordingly, the undersigned entered an Order (#50) on November 28, 2018, allowing Attorney Porreca's request to withdraw as counsel of record.  That order directed plaintiff to, on or before January 14, 2019, either: (a) retain new counsel, who would file a notice of appearance on plaintiff's behalf; or (b) file a statement that plaintiff intended to proceed pro se.  The order warned that failure to take either action could result in dismissal of this case for failure to prosecute, in accordance with Local Rule 41.1(b).

Plaintiff has not complied with the court's order or requested an extension of time to do so.  Accordingly, the court RECOMMENDS that this action be DISMISSED for failure to prosecute, unless plaintiff either files a statement that he will proceed pro se or retains new counsel, who shall file a notice of appearance on plaintiff's behalf, on or before **February 4, 2019**.

## Review by District Judge

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park*

*Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474

U.S. 140 (1985).

/s/ M. Page Kelley
M. Page Kelley
January 22, 2019                                      United States Magistrate Judge